60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul K. STEVENSON, Petitioner-Appellant,
v.
Dan REYNOLDS, Respondent-Appellee.
 No. 94-6467.
 (D.C. No. CIV-93-1458-W)
 United States Court of Appeals, Tenth Circuit.
 July 12, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Paul K. Stevenson, a/k/a Paul King-Clark Stevenson (Stevenson), an inmate of the State of Oklahoma, appearing pro se and in forma pauperis, appeals from the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254. The district court granted Stevenson's request for a certificate of probable cause pursuant to 28 U.S.C. 2253.
 
 
 3
 Stevenson was sentenced on June 6, 1985, to a term of 30 years imprisonment, following a trial by jury. He was found guilty of first degree rape and forcible oral sodomy. He filed a timely Notice of Appeal, but for reasons unknown but not of his fault, the appeal did not proceed. Stevenson's petition for habeas corpus herein was filed at least eight (8) years following his sentence.
 
 
 4
 In his habeas petition, Stevenson alleged that following his sentence, he advised the court that he wished to appeal his conviction, but his appeal was denied without fault on his part. His petition does not contain any allegations of state trial court error, but simply contends that he is entitled to post-conviction relief and/or a writ of habeas corpus directing his release unless his state court appeal be decided within ninety (90) days.
 
 
 5
 Following answer and responses, the matter was referred to Magistrate Judge Bana Blasdell who filed her Report and Recommendation on July 19, 1994, recommending that a conditional writ of habeas corpus be issued directing the release of Stevenson unless the State of Oklahoma should decide his appeal within sixty (60) days of the date of issuance of the writ. The magistrate judge's recommendation relied substantially on the dictates of Harris v. Champion, 938 F.2d 1062 (10th Cir.1991) (Harris I), Harris v. Champion, 15 F.3d 1538 (10th Cir.1994) (Harris II), and Hill v. Reynolds, 942 F.2d 1494 (10th Cir.1991). The magistrate judge found that Stevenson had not asserted a colorable state claim showing any particularized prejudice, but that, nevertheless, on balance Stevenson had established under Barker v. Wingo, 407 U.S. 514 (1972), a due process violation as a result of the excessive delay in the state appellate process.
 
 
 6
 The district court adopted the Report and Recommendation of the magistrate judge and granted Stevenson a conditional writ of habeas corpus directing his release if the state had not decided his appeal within sixty (60) days of the court's Order of August 22, 1994. (R., Vol. I, Tab 16). Thereafter, on November 7, 1994, the district court entered an Order dismissing Stevenson's petition, finding that Stevenson's conviction was affirmed by the Oklahoma Court of Criminal Appeals on September 19, 1994. Id., Tab 18.
 
 
 7
 On appeal, Stevenson contends that he was denied his right to appeal in a timely manner and he had ineffective assistance of counsel in the appellate process. He requests that this court apply a "litmus test" so that "the states will know that it is a denial of a fundamental right of the accused to spend almost a decade in prison for a crime that he may or may not have committed." Stevenson seeks his discharge from custody. In none of his pleadings has Stevenson alleged any trial court errors, nor has he asserted his innocence.
 
 
 8
 We AFFIRM the district court's order dismissing Stevenson's petition for a writ of habeas corpus substantially for the reasons set forth in the district court's orders of August 22, 1994, and November 17, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470